# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^☆
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON^■
BENJAMIN J. WEBER×◻ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☆ ADMITTED IN DISTRICT OF COLUMBIA
◻ ADMITTED IN TENNESSEE

January 7, 2022

**VIA CM/ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*[Handwritten: Application to reconsider this Court's Order dated 11/22/21 is denied.]*

**RE: Lodi v. International Business Machines Corp., C.A. No. 1:21-cv-06336**

Dear Judge Koeltl:

*[Handwritten: So ordered. /s/ 6/[illegible] JGK USDJ 1/12/22]*

Pursuant to Your Honor's Individual Rule VI(A)(2), Plaintiff seeks permission to file her Reply in Support of Her Motion for Summary Judgment under seal, along with the accompanying Declaration of Shannon Liss-Riordan.

As discussed in Plaintiff's letter of November 19, 2021 (Dkt. 12), we do not believe that any of these documents should remain sealed or redacted while Your Honor considers the merits of this case, because these judicial documents should be in the public view, and IBM cannot demonstrate that "a particular articulated burden, such as for example, misuse of information for commercial gain, . . . violation of [a] deponent's constitutional rights . . . or disclosure of trade secrets that would 'work a very clearly defined and very serious injury.'" Burgess v. Town of Wallingford, 2012 WL 4344194, at *12 (D. Conn. Sept. 21, 2012).

We recognize that the Court has held that it "will decide the issues concerning redaction in connection with the pending motion for summary judgment." (Order, Dkt. 19.) However, we ask that the Court consider the extensive, well-reasoned decision issued earlier this week in which Judge Liman rejected IBM's position (in an all-but-identical case to this one) that these documents should remain under seal or broadly redacted during the pendency of the Court's consideration of the plaintiff's summary judgment motion in Lohnn v. International Business Machines Corp., 2022 WL 36420, at *8-19 (S.D.N.Y. Jan. 4, 2022) (attached here as Exhibit A).

# LICHTEN & LISS-RIORDAN, P.C.

In that decision, Judge Liman explained that the documents in question that IBM contends are confidential are in fact judicial documents to which there is a presumption of public access, as the "information in the motion for summary judgment . . . is limited to that which is necessary . . . to prove Plaintiff's case and to establish that the effect of the [confidentiality] clause is to operate as a perspective waiver." Id. at *12. Moreover, Judge Liman observed that this information "is critical for the public to understand what is at stake in this litigation." Id. Thus, Judge Liman rejected IBM's request to "broadly seal the designated information in the documents at issue" and ordered that the documents will be promptly unsealed (other than limited private identifying information). Id. at *17-19.

Judge Liman noted in his decision that "the Second Circuit has instructed that motions to seal (or unseal) should not linger on the docket for long" and that "[t]he public cannot properly monitor the work of the courts with long delays in adjudication based on secret documents." Id. at *7 (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 127 (2d Cir. 2006)).

We thus request that the Court follow its usual procedure that IBM be required to identify with specificity what particular harm it will suffer if these documents are filed publicly, as well as Judge Liman's well-reasoned decision that there is no basis for these documents to remain hidden from public view, pending the court's consideration of Plaintiff's motion for summary judgment.[1]

In the event that the Court disagrees with Judge Liman's decision, Plaintiff requests that the Court direct the parties to confer (as it did with respect to Plaintiff's original motion) in order to narrow the portions of the brief and accompanying documents that IBM contends are confidential and should remain redacted or under seal for the time being, so that Plaintiff can then publicly file those portions that IBM does not contend are confidential.

---

[1] IBM may argue that Your Honor appropriately elected to follow Judge Furman's approach in In Re: IBM Arbitration Agreement Litigation, Civ. Act. No. 21-cv-6296, Order, Dkt. 32 (S.D.N.Y. Oct. 8, 2021), in which the court determined that it would decide whether documents would remain redacted and sealed in connection with its ruling on Plaintiffs' challenge to IBM's confidentiality provision. However, in Lohnn, Judge Liman specifically rejected this approach, explaining that the record did not reflect that Judge Furman had reviewed the actual redactions. Further, Judge Liman stated that he "does not view this as a close case" because IBM "has made few specific requests for confidentiality and has relied upon a blanket assertion of arbitral confidentiality that has consistently been rejected by the judges in this District." Lohnn, 2022 WL 36420, at *18.

# LICHTEN & LISS-RIORDAN, P.C.

Sincerely,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

*Attorney for Plaintiff Patricia Lodi*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan