```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
PATRICIA LODI,
                                            21-cv-6336 (JGK)
                    Plaintiff,
                                            MEMORANDUM OPINION
         - against -                        AND ORDER

INTERNATIONAL BUSINESS MACHINES
CORP.,

                    Defendant.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Patricia Lodi, brought this action against her former employer, International Business Machines Corp. ("IBM"), seeking declarations that two provisions in an arbitration agreement that the plaintiff entered into with IBM (the "Agreement") are unenforceable. Specifically, the plaintiff seeks a declaratory judgment that a provision in the Agreement that resulted in an arbitrator's conclusion that the plaintiff's claims against IBM under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., were time barred is unenforceable because the provision impermissibly extinguished the plaintiff's ability to vindicate the substantive rights protected by the ADEA (the "Timing Provision"). The plaintiff also seeks a declaratory judgment that a confidentiality provision in the Agreement that restricts the plaintiff and similarly situated former employees of IBM from disclosing information relating to the arbitration of their claims against

1

IBM is unconscionable and consequently unenforceable (the "Confidentiality Provision"). The Court previously considered and rejected substantially similar challenges to the Timing Provision and the Confidentiality Provision in a Memorandum Opinion and Order in an action brought by another former IBM employee, with which the Court assumes familiarity. See Chandler v. Int'l Bus. Machs. Corp., No. 21-cv-6319, 2022 WL 2473340 (S.D.N.Y. July 6, 2022).

The plaintiff now moves for summary judgment granting her claims for declaratory judgment pursuant to Federal Rule of Civil Procedure 56. IBM opposes the plaintiff's motion for summary judgment and has moved to dismiss the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, IBM's motion to dismiss is **granted** and the plaintiff's motion for summary judgment is **denied** as moot.

I.

Unless otherwise noted, the following facts are taken from the complaint and accepted as true for the purpose of resolving IBM's motion to dismiss.

The plaintiff was formerly employed by IBM as a software engineer. Compl. ¶ 7. On July 31, 2017, IBM terminated the plaintiff's employment and the plaintiff signed the Agreement in exchange for a severance payment from IBM. Id. ¶¶ 7, 11-12; ECF No. 15-4 at 1 (the "Arbitration Decision"). The Agreement

2

provided that if the plaintiff sought to pursue a claim under the ADEA against IBM, the plaintiff could only do so in an individual arbitration. Id. The Agreement included the Timing Provision, which provides:

> To initiate arbitration, you must submit a written demand for arbitration to the IBM Arbitration Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim that you are making or, if the claim is one which must first be brought before a government agency, no later than the deadline for the filing of such a claim. If the demand for arbitration is not timely submitted, the claim shall be deemed waived. The filing of a charge or complaint with a government agency or the presentation of a concern though the IBM Open Door Program shall not substitute for or extend the time for submitting a demand for arbitration.

Agreement at 26.[1]

The Agreement also included the following Confidentiality Provision:

> Privacy and confidentiality are important aspects of arbitration. Only parties, their representatives, witnesses and necessary administrative staff of the arbitration forum may attend the arbitration hearing. The arbitrator may exclude any non-party from any part of a hearing.
>
> To protect the confidentiality of proprietary information, trade secrets or other sensitive information, the parties shall maintain the confidential nature of the arbitration proceeding and the award. The parties agree that any information related to the proceeding, such as documents produced, filings, witness statements or testimony, expert reports and hearing transcripts is confidential information which shall not be disclosed, except as may be necessary to prepare for

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

3

> or conduct the arbitration hearing on the merits, or except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an award or its enforcement, or unless otherwise required by law or judicial decision by reason of this paragraph.

Agreement at 27.

On October 11, 2018, the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against IBM alleging age-based discrimination. ECF No. 15-45 (the "EEOC Charge"). The EEOC consolidated the plaintiff's EEOC Charge with the charges of 57 other former IBM employees who alleged that they were subjected to age-based discrimination by IBM. Compl. ¶ 10.

On January 17, 2019, while the EEOC's investigation was pending, the plaintiff filed an arbitration demand advancing claims under the ADEA against IBM. See ECF No. 15-3 (the "Arbitration Demand"). On August 12, 2019, the arbitrator dismissed the plaintiff's ADEA claims as time barred. See Arbitration Decision. The arbitrator reasoned that under the Timing Provision, the plaintiff's claims were untimely because the plaintiff did not file an arbitration demand within 300 days after her termination. Id. at 1-3; see also 29 U.S.C. § 626(d)(1)(B). The arbitrator also concluded that under the Agreement, the plaintiff could not take advantage of the so-

4

called "piggybacking rule,"[2] pursuant to which the plaintiff sought to use earlier-filed EEOC charges filed by other former IBM employees to extend the plaintiff's time to file her Arbitration Demand. Arbitration Decision at 2-3.

On August 31, 2020, the EEOC issued a class wide determination in which the EEOC found reasonable cause to believe that IBM discriminated against older employees between 2013 and 2018. Compl. ¶ 10. On July 31, 2021, the EEOC informed the plaintiff that it would not pursue the plaintiff's claim further and issued her a "right to sue" letter. Id. ¶ 10 n.1; ECF No. 15-46 (the "Right to Sue Letter").[3]

The plaintiff then attempted to opt into a putative ADEA collective action that another former IBM employee had brought in district court against IBM. See Rusis v. Int'l Bus. Machs. Corp., 529 F. Supp. 3d 178 (S.D.N.Y. 2021); Compl. ¶ 16. Judge Caproni ultimately concluded that certain opt-in plaintiffs in

---

[2] As explained in Chandler, the piggybacking rule is a judicially created doctrine that excuses plaintiffs who have not filed a charge with the EEOC from doing so if an earlier-filed EEOC charge described "similar discriminatory treatment in the same time frame" to the treatment to which the plaintiff who did not file an EEOC charge was allegedly subjected. Chandler, 2022 WL 2473340, at *3.

[3] Although the EEOC Charge, the Arbitration Demand, the Arbitration Decision, and the Right to Sue Letter were not attached to the complaint, the Court may consider these materials on this motion to dismiss because all four documents are integral to and were expressly referenced in the complaint. See, e.g., Business Casual Holdings, LLC v. Youtube, LLC, No. 21-cv-3610, 2022 WL 837596, at *1 n.2 (S.D.N.Y. Mar. 21, 2022); Chandler, 2022 WL 2473340, at *2 n.2. Moreover, the Court may take judicial notice of the EEOC Charge and the Right to Sue Letter as public records of an administrative agency. See, e.g., Kavowras v. New York Times, Co., 328 F.3d 50, 57 (2d Cir. 2003); Fed. R. Evid. 201.

5

that action, including the plaintiff, had waived their right to participate in a class or collective action against IBM under the Agreement. See Rusis, 529 F. Supp. 3d at 195. Accordingly, Judge Caproni dismissed the plaintiff from that action.

After being dismissed from the Rusis action, the plaintiff filed this action seeking declaratory judgments that the Timing Provision and the Confidentiality Provision are unenforceable. Compl. at 9-10. The plaintiff represents that if this Court were to grant the requested relief, the plaintiff would move before the arbitrator to reopen the arbitration against IBM and request that the arbitrator reconsider the Arbitration Decision.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

6

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where, as here, a motion for summary judgment and a motion to dismiss are both pending, the court may grant the motion to dismiss and deny the motion for summary judgment as moot if the court concludes that the plaintiff's complaint fails to state a claim. See, e.g., Northwell Health, Inc. v. Lexington Ins. Co., 550 F. Supp. 3d 108, 122 (S.D.N.Y. 2021).

### III.

#### A.

The plaintiff argues that the Timing Provision is unenforceable because it extinguishes a substantive, non-waivable right conferred on the plaintiff by the ADEA. The plaintiff also contends that the Confidentiality Provision is unenforceable because it is unconscionable.

This Court's recent decision in Chandler, 2022 WL 2473340, is dispositive of the plaintiff's arguments here. The plaintiff in that case, Chandler, was a former IBM employee who had signed the Agreement upon his termination from IBM. Id. at *1. Chandler did not file a charge against IBM with the EEOC but did file an arbitration demand advancing ADEA claims against IBM more than 300 days after Chandler was terminated. Id. at *2. An arbitrator ultimately dismissed Chandler's arbitration demand as untimely

7

and concluded that the Timing Provision did not incorporate the piggybacking rule. Id. Chandler then filed an action in this Court seeking the same relief that the plaintiff is now seeking, namely, declaratory judgments that the Timing Provision and the Confidentiality Provision are unenforceable. Id. at *1.

In sum, the Court found Chandler's arguments with respect to the Timing Provision to be without merit and concluded that (1) "the purported right to take advantage of the piggybacking rule is not a substantive, non-waivable right protected by the ADEA;" (2) "the piggybacking rule is not a part of the statute of limitations law of the ADEA;" and (3) accordingly, any alleged failure by IBM to comply with the disclosure requirements of the Older Workers' Benefits Protection Act ("OWBPA") did not render the Timing Provision unenforceable. Id. at *3-7. With respect to the Confidentiality Provision, the Court concluded that because the Confidentiality Provision was neither procedurally unconscionable nor substantively unconscionable under New York law, there was no basis on which to declare the Confidentiality Provision unenforceable. Id. at *7-8. The detailed discussions in Chandler of all these issues are incorporated here by reference.

There are certain immaterial factual differences between Chandler and this case that do not change the conclusion that the Timing Provision is enforceable. The plaintiff here contends

8

that unlike Chandler, she filed a timely EEOC charge and received the Right to Sue Letter in July 2021. Therefore, according to the plaintiff, but for the Agreement and Timing Provision, she would have had the ability to prosecute a timely ADEA claim in court well into 2021.[4] Additionally, like Chandler, the plaintiff contends that had the arbitrator and the Timing Provision permitted the plaintiff to piggyback off an earlier-filed EEOC charge, her Arbitration Demand would have been timely.

The fact that the plaintiff could have filed a timely ADEA action in federal court but for the Agreement and the Timing Provision does not render the Timing Agreement unenforceable. As explained in Chandler:

> [P]rovisions in an arbitration agreement are enforceable "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum." [Am. Express Co. v. Italian Colors Restaurant, 570 U.S. 228, 235 (2013)]; see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985). Arbitral forums may adopt different and more restrictive procedures than those available in federal court so long as claimants are provided "a fair

---

[4] The plaintiff alleges in her complaint that she was terminated by IBM "in 2017." Compl. ¶ 7. In the Arbitration Decision, the arbitrator found that the plaintiff was terminated on July 31, 2017. Arbitration Decision at 1. The plaintiff did not file the EEOC Charge until October 11, 2018, which is more than 300 days after she was terminated. In her motion for summary judgment, the plaintiff represented that she submitted several job applications to IBM between the date of her termination and February 28, 2018. Therefore, according to the plaintiff, the EEOC Charge was timely filed because she filed the EEOC Charge within 300 days of February 28, 2018. The complaint is devoid of any allegation regarding the plaintiff's putative efforts to secure other employment at IBM through February 28, 2018. In any event, for the reasons explained below, the Timing Provision is enforceable irrespective of whether the EEOC Charge was timely filed.

> opportunity to present their claims" in arbitration. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991); see also id. (parties may agree to arbitration procedures that are not "as extensive as in the federal courts" and are allowed to "trade[] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration."); Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018) (explaining that the FAA directs the federal courts to "respect and enforce the parties' chosen arbitration procedures"). However, the Supreme Court has suggested that provisions in an arbitration agreement that operate as "prospective waiver[s] of a party's right to pursue statutory remedies" could deprive a claimant of a fair opportunity to present their claims in arbitration and would therefore be unenforceable. Am. Express, 570 U.S. at 236. In sum, while a waiver in an arbitration agreement of the ability to assert a party's substantive rights may be unenforceable, parties may agree to arbitration procedures that modify or limit the procedural rights that would otherwise be available to them in federal court. See Gilmer, 500 U.S. at 26, 31.

Chandler, 2022 WL 2473340, at *4.

The plaintiff here, like Chandler, had 300 days to file an arbitration demand under the Timing Provision, which is the same limitations period that the ADEA itself affords certain plaintiffs to file an EEOC charge and longer than the 180-day limitations period that ADEA affords other plaintiffs that live in certain states. The plaintiff had a full and fair opportunity to file her Arbitration Demand within the applicable limitations period and simply failed to do so.[5] The fact that the plaintiff

---

[5] The arbitrator also found that if, as the plaintiff now claims in her motion for summary judgment, her failure to hire ADEA claims actually arose on February 28, 2018, then those claims were untimely because the plaintiff did not assert them in arbitration within 300 days after the plaintiff learned of that alleged discriminatory conduct. Arbitration Decision at 8-9.

10

may have had more time to file her claim in federal court had she not agreed to arbitrate her ADEA claims is immaterial. Parties may agree to prosecute their claims in arbitral forums with different or more limited procedures than would be available in federal court. See Gilmer, 500 U.S. at 31. The 300-day limitations period available under the Timing Provision undoubtedly provided the plaintiff with a "fair opportunity" to seek to vindicate in arbitration the substantive right protected by the ADEA, namely, the right to be free from workplace age discrimination. See id.; 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 265 (2009).

The plaintiff's arguments with respect to the piggybacking rule are also without merit. As explained in Chandler, because the piggybacking rule is an exception to the exhaustion doctrine and not a substantive right protected by the ADEA, the fact that the Timing Provision did not incorporate that rule does not render the Timing Provision unenforceable. 2022 WL 2473340, at *5. Moreover, the piggybacking rule is inapplicable where, as here, the plaintiff had already filed an EEOC charge on her own behalf. Holowecki v. Federal Express Corp., 440 F.3d 558, 564 (2d Cir. 2006) ("An individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge."). Accordingly, even if the plaintiff had not been bound by the Agreement and the Timing Provision, she would not have been able

11

to piggyback from earlier-filed EEOC charges had she filed an action in federal court.

For these reasons, the plaintiff's arguments that the Timing Provision is unenforceable are without merit. Therefore, IBM's motion to dismiss the plaintiff's claim for a declaratory judgment declaring the Timing Provision unenforceable is granted.

**B.**

Similarly, all the plaintiff's arguments that the Confidentiality Provision should be declared unenforceable were considered and rejected by this Court in Chandler.[6] 2022 WL 2473340, at *7-8. Because the Confidentiality Provision is neither procedurally unconscionable nor substantively unconscionable under New York law, IBM's motion to dismiss the plaintiff's claim for a declaratory judgment declaring the Confidentiality Provision unenforceable is granted.

Finally, because all the plaintiff's claims were dismissed on IBM's motion to dismiss, the plaintiff's motion for summary

---

[6] Because the Timing Provision is enforceable, the plaintiff's Arbitration Demand was correctly dismissed by the arbitrator as untimely. The plaintiff's claim for declaratory relief with respect to the Confidentiality Provision is therefore moot. However, for the sake of completeness, the plaintiff's arguments with respect to the Confidentiality Provision are addressed here and are without merit. See also Chandler, 2022 WL 2473340, at *7 n.4.

judgment granting the requested declaratory judgments is denied as moot.[7]

### IV.

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." Gunst v. Seaga, No. 05-cv-2626, 2007 WL 1032265, at *3 (S.D.N.Y. Mar. 30, 2007). "However, if an amendment would be futile, a court may deny leave to amend. A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss." Id.

The plaintiff has not requested leave to amend her complaint. Moreover, the current dismissal is not based on any inadequacies in the plaintiff's pleading, but instead is based on determinations that the plaintiff's claims are foreclosed by applicable law. Because the problems with the plaintiff's causes of action are "substantive," "better pleading will not cure [them and] repleading would thus be futile." See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). For these reasons,

---

[7] IBM also argues that its motion to dismiss should be granted because the plaintiff is effectively seeking vacatur of the Arbitration Decision under the guise of this action for declaratory judgment, and that any petition to vacate the Arbitration Decision would be untimely under the FAA. The plaintiff contends that she is not seeking vacatur of the Arbitration Decision and instead would move before the arbitrator to reopen the arbitration if she received a favorable disposition here. Because the plaintiff's claims are without substantive merit, the Court need not resolve whether this action for declaratory judgment was the correct procedural vehicle for the plaintiff to pursue the requested relief. See also Chandler, 2022 WL 2473340, at *8 n.5.

the current dismissals of the plaintiff's claims are with prejudice.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, IBM's motion to dismiss is **granted** and the plaintiff's motion for summary judgment is **denied** as moot. The Clerk is directed to enter judgment dismissing this case. The Clerk is further directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         July 11, 2022

_____
John G. Koeltl
**United States District Judge**